### MRUSEK v READING (city) et

Ohio Appeals, 1st Dist, Hamilton Co

No 4686.   Decided Feb 25, 1935

Lorbach & Garver, Cincinnati, for plaintiff.

Herbert Barnhorn, Cincinnati, for defendants.

**OPINION**

By HAMILTON, J.

The right of the plaintiff to be protected against the assessment is the fact that she does not bound and abut the avenue improved.

Sec 3812, GC, provides three methods for assessing special assessments for an improvement of a public street:—First. By a percentage of the tax value of the property assessed.   Second:   In proportion to the benefits which may result from the improvement.   Third: By the foot front of the property bounding and abutting upon the improvement.

The assessment in the case at bar was not according to benefits.   Therefore, the claim of the city to the effect that the property is benefitted cannot give it any right to make the assessment.   The assessment is based on the front foot bounding and abutting the improvement.

The law is stated in the case of **Cincinnati v Batsche et, 52 Oh St, 324, at 343:**

"Recognizing the authority of the council to create an assessing district, it must be exercised in accordance with the requirement of the statute.   The statute—§2264, Revised Statutes—(now §3812, GC), requires the council to set forth by ordinance "specifically the lots and lands to be assessed;" but when the assessment is by

the foot front, it must be "of the property bounding and abutting upon the improvement." In such case, the legislature has prescribed the assessing district, which excludes property not bounding and abutting upon the improvement."

Since it is admitted and is a fact that the property of the plaintiff does not bound and abut upon the improvement, no assessment for the improvement could be levied against her property.

A perpetual injunction will be granted, perpetually enjoining the defendant, the City of Reading, from levying the assessment for the improvement in question.

Decree accordingly.

ROSS, PJ, and MATTHEWS, J, concur.